Case 2:16-cv-00240-RDP-TMP   Document 1   Filed 02/11/16   Page 1 of 19

FILED
2016 Feb-11 PM 02:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

CV-16-P-0240-S

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

BRIAN Heath HARRISON,
  Plaintiff,

vs.

Cedric Specks, as Deputy
Warden, SGT John D. Thrasher,
as Day Shift Supervisor and
first name unknown, Jane D.
Bonner, as Classification
Specialist and first name unknown, et al,
  Defendants.

FILED
2016 FEB 11 A 11: 16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND INJUNCTIVE RELIEF

Comes now the Plaintiff, Brian Heath Harrison Pro Se, in the above styled cause, MOVING THIS HONORABLE COURT for 'IMMEDIATE INJUNCTIVE RELIEF' and ISSUE ORDERS as may be necessary to correct the Federal law violations that has resulted, will continue to result in prisoners being denied fundamental safety, care, medical treatment/attention, security and measures of decent living in prison pro-rated by modern standards;

also for the injuries, both physical and finanical that Plaintiff has suffered, Plaintiff seeks 'Settlement Agreements' be between parties under 18 U.S.C. §3626, and or Damages be considered at close of case 'or' before submitting to jury; and Plaintiff will and does MOVE for a 'Three Judge Panel' and the Final Resolve be premised on a 'Prisoner Release Order', §3626, supra; as Ripe for Review, Federal intervention and overseeing, Plaintiff pleads:

## I.

JURISDICTION AND AUTHORITY. Each and every material fact supporting the legal claims took place and continues to take place at William E. Donaldson, located in Bessemer Alabama; making this the proper court to institute a charge, claim, proceeding calling the liable defendants to answer. All Relief sought is premised on 18 U.S.C. §3626 et seq., and this court has the authority to issue the same in favor of the Plaintiff 'or' both parties.

2

## II.

Each and every named, unknown or known Defendant is acting under color of state law, within their authority, power and knowledge when making such Administrative decisions that has resulted in Plaintiff being subject to life threating harm, and actually resulted in continuing to be subject to unlawful acts making him the victim of on-going crime; after said Defendants was placed on notice by free world persons, Plaintiff and other inmates that Plaintiff was Robbed, Stabbed and suffered a broke/cracked rib, the named Defendants intervened and prohibited medical attention and 'forced' to sign a living agreement and placed back in the area with said inmates.

Defendants are being sued in their individual and official capacities.

## III.

Plaintiff is a ward of the Stated, in custody of the Alabama Department of Corrections and housed at W.E. Donaldson; At all times Plaintiff is dependant upon W.E Donaldson employees to protect him, provide medical services, and correct all illegal activities and conditions.

3.

## IV

Defendant Bonner directly or indirectly neglects with intent, or knowingly, or recklessly her Duties to secure Plaintiff from being placed in same institution with made known enemy, William Harris JR. By failing to properly investgate and document this information, said Defendant violates Plaintiff civil Rights, 8th Amendment right and 14th Amendment Rights to Procedural Due Process or Substantial Due Process.

<u>Claim A.</u> 8th Amendment Rights are violated because Defendant subjects Plaintiff to future harm or another inmate to physical harming and said Defendant has the authority, power and administrative Duty to process the claim to a 'Enemy validation committee'.

1. On August 4th, 2015 upon Return from court Plaintiff notified classification unit at W.E. Donaldson of said enemy by giving a written statement, his name is William Harris, JR.

2. Inmate Harris was the direct cause of Plaintiff being discovered with a cell phone, 'a RAT'.

4.

3. Both Plaintiff and Inmate Harris know that when they see each other, one must die.

4. Defendant employs a policy, or practice, or custom, or selectivity procedure that is not written, to place inmates in life threating circumstances.

5. Its Defendants job ensure Plaintiff receives an adequate Classification Review in Relation to enemies.

6. Defendant creates by omission a future punishment that can be avoid, as well as saving a life.

<u>Claim B.</u> Defendant has denied Plaintiff either: a. Equal Protection of Classification Manuel, treatment, Reviews or Administrative consideration for Review for transfers; b. Procedure Due Process; c. Substantial Due Process; but not limit to, §1983 thru 1990!

7. Plaintiff has not been considered, seen or put in for transfer in compliance with Classification Manuel.

8. Plaintiff has been eligible to transfer for nearly a year.

9. Plaintiff was told by Defendant at 'open

5.

house' around Sept. 2015 that she would look into a transfer close to home, Fountain.

10. Plaintiff has not received his yearly Review thats nearly 18 month over due.

11. Defendant refuses the review, intentionally and without Administrative justification supported by Rules, Regulations, policies, customs or manuels,

12. Plaintiff has a 22 month clear record and when the detainer is lifted, he is eligible to return to a Work Release or work camp.

## V.

Defendants Specks and Thrasher subjected Plaintiff to 'cruel and unuasal punishment' not legal by Administrative Law, Federal Law, State law, and Plaintiff suffered repeated assaults, being Robbed, extorted and threaten with more stabbings or death if not in compliance, or otherwise sexual attack, "after Plaintiff's Grandmother Reported by phone to SGT Thrasher the activities."

CLAIM C. Defendants Thrasher and Specks violated Plaintiff's Federal Constitutional Rights to be free from cruel and unuasal punishment when "Knowing" that he had been assaulted

6.

by five (5) NAMED inmates, and then said Defendants forced Plaintiff to sign a living agreement and Return to 'X-Block.

13. Around the beginning of October 2015, Plaintiff was in Y-25, inmates named (Nicknames) J.U., Fon-Deezey, Big Boy, Fellow, and one (1) unknown, came in forced Plaintiff get money wired to a Rush Card, after stabbing him in the head, breaking a Rib and locking the door so no-one could leave.

14. This was on a Saturday night for sure.

15. The Tuesday or Wednesday after the incident, around 4pm Plaintiff was able to get on the wall phone and call his grandmother Jewel Holder, whom then called Thrasher.

16. It took two (2) calls to get him to get an officer to come get me.

17. I told him everything, a Fresh stab wound was visual on my Right side of the head.

18. He made me stay in the Barber shop all night and ORDERED I not be seen by medical; Either he ordered that, or the SGT on the next shift.

19. All officers talk to me like I was a dog, accused me of using drugs, running up

7.

debt and could not pay, saying I was 'catching out' to keep from paying.

20. Officer Cook was ordered to give me a urine test which I took, and without a doubt passed.

21. The next morning Thrasher called all the inmates whom assaulted me in the office questioning them.

22. I had informed Thrasher of the truth, that is,

    i. They was extorting me;

    ii. They had robbed me;

    iii. Von-Deezy, Ju and Fellow had assaulted and Von Deezy stabbed me in the head;

    iv. I gave Thrasher a copy of the card number they was trying to get me to have money wired to; and

    v. That I feared for my life and that I was not going to fight back cause I was tired of doing time; and

    vi. That I was wanting to see I&I and press charges.

23. After Thrasher spoke with them he called them back in a second time, had them sign a living agreement.

24. He called me in the office and said Specks told him I had to sign a

8.

living agreement.

25. So I did and ask if 'they' was going to move me to another location.

26. Thrasher told me if he could he would, but he had to call and ask Defendant Specks.

27. Thrasher picked the phone and appeared to call someone, stating to them that my store was true and I was wanting to be moved to a new area.

28. Thrasher told me Specks said NO and to survive best way I know.

29. I went back to my cell X-28.

30. I was robbed of everything my Family sent to my books from this point till I Returned to Court December 7th, 2015.

31. My Grandmother put on the wire 2 or 3 different times $100.00 due extortion.

32. My Girl friend put money on the wire due extortion again 7 or 8 times.

33. Barbara Burt is her name and # is 205-603-3077, willing to testify to the same.

34. Barbara put $100.00 on Walmart to Walmart to a Natasha Craig, B'ham

9

area, at threat of physical harm.
35. Von-Deezy and Fellow are the two (2) that continued to assault, extort and Rob Plaintiff.
36. Jewel Holder is willing to submit the Reciepts to MoneyGrams due extortion.
37. Plaintiff was continuiously subject to these crimes and victimized up through to I left for court.
38. My cell partner a lot more inmates on X and Y side witnessed these acts.
39. This is the policies, procedures, customs, unwritten practices of Defendants.
40. The inmate who was assigned to X-2, first name Joe, same thang.
41. Inmate assigned to X-18, same treatment.
42. Specks Refuses to protect inmates and indirectly through his failure to Relocate inmates causes physical injuries and property took, stole, and sexual assault, many others.
43. Plaintiff's mentally desturbed, cant sleep, dont trust nobody, be thinking of killing myself, helpless, and more.
44. Plaintiff has a stab scar on his head for life.

10.

45. Plaintiff was extorted out of over $1,000 due to Defendants passiveness toward these inmates.

46. Defendants are the direct cause of everything that happen to Plaintiff after being forced to sign the living agreement, and forced to return to the same living area.

47. Defendants are liable because they should have placed Plaintiff in a single cell in Protective Custody, (PC).

48. ADOC have procedures, policies, Rules and Regulations that govern P.C. placement.

<u>CLAIM D.</u> Each and Every employee, staff, officer or inmate at William E. Donaldson is subject to conditions that elevate to Constitutional deprevations due the '<u>illegally overcrowded</u>' situation leads to claims, offenses, criminal activities as stated above; Donaldson houses its designed capacities in the Blocks, "<u>but the lack of adequate security</u>", proper number of showers per 15 inmates, lack of time outside for sun light, oppressive tactics used by Specks to oversee the Blocks, allowing criminal activity to go without administrative punishment or reported to I&I; underfunded Donaldson hinders adequate nutritional

meals, cut backs of diets, 'even prior settlements on foods (fruits, cheese, milk ect), conditions' are no long of Donaldson concerns, in 'totality of the Donaldson circumstances' and conditions, its violative of Plaintiff 8th Amendment Rights.

49. The diet at Donaldson is insufficient, falls far below the nutritional value required.

50. Milk is served only 2 times a week and every other week, 3 times.

51. Donaldson no long provides cheese at breakfast on every day milk is not served.

52. Donaldson is required to serve one (1) milk one day, one (1) slice of cheese the next, then the next starts over with milk.

53. Eggs have been discontinued and no supplement has taken the 'eggs nutritional value'.

54. Every other week each inmate gets 1 apple.

55. All veggies are canned, sodium levels are nearly illegal.

56. The meat is unfit for human consumption.

57. ADOC produces its 'own' meat products, and supplies all institutional facilities state wide.

58. The meat is not marketed, nor 'labled', not for resale or sale.

59. The meat is adulterated.

60. Staff is untrained at Donaldson or

12

they do nothing to prevent crime.
61. Plaintiff knows atleast 5 white inmates the Officer in X-Y allowed to be harmed, Robbed and assaulted.
62. Security Officers cannot see inside the cells and No cameras are available anywhere.
63. Medical service at Donaldson is worse than anywhere in ADOC.
64. Around October 2015, Plaintiff went in for a 'Rising' under his left arm.
65. Nurse Green told him do left his arm 'while setting in a unsterile chair', spraid it and then cut it and dug around.
66. Plaintiff come out from under Green.
67. Plaintiff was not seen or given any med for the 'open wound'.
68. Donaldson Nurses have throwed my hernia belt away, said sPecks says I cant have em, and refuses to see me and fix it.
69. Plaintiff is a third party benefitary to Blue Cross and Blue shield - through ADOC coverage plans for inmates.
70. Donaldson is untrained in Responding to T.B. out breaks or anything else.
71. Donaldson is infested with Health Code violations.
72. Donaldson uses "coolers" to put 'drinking water in'

13.

and Ice, 96 inmates share the same coolers.
73. The water brakes inmates out.
74. X Block showers are running 24-7 because of inadequate plumbing.
75. There are 3 showers in X Block for 96 inmates to share.
76. No water fountains for drinking.
78. Cleaning supplies are nearly unheard of at Donaldson X-Y Blocks.
79. Inmates that are put in life threating circumstances are provided no protection anywhere at Donaldson, even after notifying ADOC.
80. At least 2 of 3 times per week, inmates are not provided a sweet with dinner, which is apart of the dietary, and no supplement.
81. Classification does not see inmates as required by the manuel.
82. Donaldson subjects inmates to excessive heat during the summer months as a means of punishment; because cubes, Admin Building, Church/Chaple is proper air conditioned.
83. Inadequate wiring in most cells which violates Fire Code; the number of inmates in Dorms also violate the fire code.
84. All living areas are improperly ventilated.
85. Donaldson is unsafe, unhealthy, and due staffs lack of concern and care, a breeding ground

14.

for criminals to go unpunished.

86. There is more knifes at Donaldson than any Prison Plaintiff has been in altogether.

87. Inmates at Donaldson are restricted from the following: 1) adequate access to law library (Joe Madden will testify), 2) adequate (45 min a day) access to out door activities, 3) visitation with family every 2 weeks, 4) and medical testing for malnutrition or liver transfers.

88. Federal take over is the only remedy to correct all the federal violations at Donaldson.

## VI.

**RELIEF REQUESTED.** For Plaintiff's physical injuries, depravation of safety and monies lost, upon finding for the Plaintiff, prosecution of each and every ADOC employee at Donaldson whom can lawfully be determined to have prevented those acts; and if Defendants are not willing for whatever reason to enter into a Settlement under 18 U.S.C. 3626, this matter will be submitted for jury trial; Before any damages are plead, Plaintiff reserves the right to seek the cap in every form of damages against the Defendants in

15.

their individual capacities; IMMEDIATELY, the following <u>Injunctive Relief is Sought:</u>

A. ORDER Donaldson Defendants to REFRAIN FROM CUTTING BACK ON Inmates DAILY Diet Requirements;

B. Supplement the nutritionally needed Food with other Consumptable Items;

C. Stop it policy of denying protection for Inmates in life threatening situations;

D. Stop denying adequate time in the law library, outdoor exercise as determined by Federal laws; and

E. Order Remedial Planning to Correct each and every Federal violation set out in this Complaint; OR

## VII

Plaintiff seeks a three Judge Panel under 18 U.S.C. §3626, because ADOC and Donaldson has 'previously' been under Federal injunctions and there has been a change in Defendants which are worst and they Refuse to correct 'any' Federal violation; OR

16.

## VIII

ORDER PARTIES SETTLE these Matters under 18 U.S.C. §3626, within 30 days from service of process; OR

## IX.

PRISON RELEASE ORDER under 18 U.S.C. §3626. Plaintiff declares ADOC cannot fix its vast and gravely overcrowded prisons for lack of concern, care, and funds, since Pugh vs. Locke ADOC has not attempted to reduce the 'current and past' Federal violations; see public statements of Cam Ward, Robert Bentley, Jefferson Dunn and ALL Injunctions preceding the filing of this complaint. Plaintiff moves this court for a ORDER RELEASING HIM IMMEDIATE where,

    i. ADOC cannot provide adequate safety;
    ii. ADOC cannot provide nutritional meals;
    iii. ADOC cannot afford to care for medical needs of Plaintiff;
    iv. ADOC History proves its said departments custom, policies, practices not to correct Federal violations;
    v. ADOC is dangerous everywhere;
    vi. ADOC has authority to reduce it current prison population, but for unconstitutional rules and regulations; and

17.

vii. Plaintiff can be Released on a program and still be in custody; and
viii. ADOC will not correct any Federal violation, Federal Orders or overtake is necessary!

I, Brian Heath Harrison, do hereby Declare, affirm, I am over 21 years of age, competent to testify, and everything is this Complaint is true, correct, premised on personal Knowledge, information and the same is stated herein under penalty of perjury pursuant to 28 U.S.C. §1746, executed on this 8th day of February, 2016.

_____
Declarant:

Brian Heath Harrison #93014
PO Box 4599 J7-4B
Montgomery, Al. 36103

18.

Brian Heath Harrison #93014
P.O. Box 4599 JM-4B
, AL. 36



SECURITY
FEB 11 2016
U.S. DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA



United States District Court
Hugo L. Black
1729 5th Ave. North
B'Ham, AL. 35203